The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 1, 2021, which may be different from its entry on the record.

IT IS SO ORDERED.

Dated: March 1, 2021



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| JOSHUA M. FONTANEZ, | ) | Case No. 20-13764 |
| Debtor. | ) | |
| | ) | Judge Arthur I. Harris |
| | ) | |
| TRACY K. STRATFORD, | ) | Adversary Proceeding |
| Plaintiff. | ) | No. 20-1115 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSHUA M. FONTANEZ, | ) | |
| Defendant. | ) | |

## MEMORANDUM OF OPINION[1]

On November 18, 2020, the plaintiff-creditor Tracy K. Stratford initiated this adversary proceeding seeking a determination that a portion of a default

---

[1] This Opinion is not intended for official publication.

judgment entered against the defendant-debtor Joshua M. Fontanez is nondischargeable under 11 U.S.C. § 523(a)(2)(A). This proceeding is currently before the Court on the creditor's motion for judgment on the pleadings. The creditor contends that she is entitled to a determination of nondischargeability based on the issue-preclusive effect of a default judgment entered against the debtor in state court. For the reasons that follow, the creditor's motion for judgment on the pleadings is denied.

## JURISDICTION

This is a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Court has jurisdiction over core proceedings under 28 U.S.C. §§ 1334 and 157(a) and Local General Order 2012-7 of the United States District Court for the Northern District of Ohio.

## FACTUAL AND PROCEDURAL BACKGROUND

On May 15, 2019, the creditor filed a complaint against the debtor and Fontanez Landscaping LLC in the Cuyahoga County Court of Common Pleas. *See* Motion for Judgment of the Pleadings Exhibit A (Docket No. 7). In the state court complaint, the creditor alleged breach of contract; negligence; violations of various Ohio state statutes; conversion; and fraud. *See id.* After the debtor and codefendant failed to respond to the complaint, the creditor filed a motion for

2

default judgment against both defendants on July 30, 2019. *See* Motion for Judgment on the Pleadings (Docket No. 7). On September 12, 2019, the Cuyahoga Court of Common Pleas entered default judgment against both defendants, jointly and severally, in the amount of $110,302.72. *See* Motion for Judgment on the Pleadings Exhibit C (Docket No. 7). The one-page default judgment was presumably prepared by the creditor's attorney. *See* Motion for Judgment on the Pleadings Exhibit B (Docket No. 7) (state court docket entry dated August 9, 2019, indicating that the creditor must provide, among other things, a judgment entry and an affidavit proving damages). The default judgment included the following:

> The Court specifically finds that $40,600.00 of this Judgment is for moneys obtained through fraud, misrepresentation and false pretenses. The Court further specifically finds that $18,310.29 of this Judgment represents damage to Plaintiff's or others' property caused by the negligence of Defendants or their subcontractors.

*See* Motion for Judgment on the Pleadings Exhibit C (Docket No. 7).

On August 14, 2020, the debtor filed a voluntary Chapter 7 bankruptcy petition. (Case No. 20-13764, Docket No. 1). On November 18, 2020, the creditor initiated this adversary proceeding, seeking to except from discharge the portion of the state court default judgment attributable to fraud under 11 U.S.C. § 523(a)(2)(A). (Adv. No. 20-1115, Docket No. 1). On December 21, 2020, the debtor filed an answer to the complaint. (Adv. No. 20-1115, Docket No. 5). On

3

January 11, 2021, the creditor filed a motion for judgment on the pleadings. The creditor contends that because the state court found that "$40,600.00 of [the default judgment] is for moneys obtained through fraud, misrepresentation and false pretenses," the issue-preclusive effect of such default judgment renders the fraud portion of the default judgment nondischargeable under 11 U.S.C. § 523(a)(2)(A). (Adv. No. 20-1115, Docket No. 7). On January 28, 2021, the debtor filed a response to the creditor's motion for judgment on the pleadings asserting that the Cuyahoga Court of Common Pleas did not make sufficiently detailed findings of fact and conclusions of law necessary to support an application of the doctrine of issue preclusion. (Adv. No. 20-1115, Docket No. 10). On February 4, 2021, the creditor filed a reply in support of her motion for judgment on the pleadings reiterating that the state court default judgment is issue preclusive and establishes the elements for nondischargeability under § 523(a)(2)(A). (Adv. No. 20-1115, Docket No. 11).

JUDGMENT ON THE PLEADINGS STANDARD

Federal Rule of Civil Procedure 12(c) states, "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A motion for judgment on the pleadings is reviewed under the same standard used to review a Rule 12(b)(6) motion to

dismiss. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014) (citing *Ziegler v. IBP Hog Mkt., Inc.*, 249 F.3d 509, 511–12 (6th Cir. 2001)). A court should grant judgment on the pleadings when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law. *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017) (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581–82 (6th Cir. 2007)). "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *F.D.I.C. v. AmFin Fin. Corp.*, 757 F.3d 530, 533 (6th Cir. 2014) (quoting *JPMorgan Chase Bank,* 510 F.3d at 581).

In addressing the creditor's motion for judgment on the pleadings, the Court does not intend to consider matters outside the pleadings or treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d) (made applicable in bankruptcy proceedings under Fed. R. Bankr. P. 7012); *Fair Fin. Co. v. Textron Fin. Corp.* (*In re Fair Fin. Co.*), 834 F.3d 651, 656 n.1 (6th Cir. 2016) (documents referred to in pleadings may be considered without converting a motion to dismiss into one for summary judgment).

5

## DISCUSSION

Section 523(a)(2)(A) of the Bankruptcy Code provides, in pertinent part:

(a) A discharge under section 727 . . . of this title does not discharge from an individual any debt—
   . . . .

   (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

   (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition[.]

11 U.S.C. § 523(a)(2)(A). The creditor argues that a state court default judgment in her favor is entitled to issue-preclusive effect in this adversary proceeding, and as a result, the Court must find as a matter of law that the portion of the default judgment attributable to fraud is nondischargeable under § 523(a)(2)(A).

Issue preclusion, which is often referred to as collateral estoppel, prevents relitigation in a subsequent suit of facts and issues that have already been fully litigated. *See Corzin v. Fordu* (*In re Fordu*), 201 F.3d 693, 704 (6th Cir. 1999). The Supreme Court has established that issue preclusion applies in bankruptcy proceedings and may be asserted in nondichargeability proceedings. *See, e.g.*, *Grogan v. Garner*, 498 U.S. 279, 284 n.11 (1991) ("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."); *Stone v. Kirk*, 8 F.3d 1079, 1090 (6th Cir. 1993) ("That 'Congress

6

intended the bankruptcy court to determine the final result—dischargeability or not—does not require the bankruptcy court to redetermine all the underlying facts.' ".).

Under the full faith and credit principles of 28 U.S.C. § 1738, state law, not federal common law, governs the preclusive effect of a state court judgment. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005); *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380–81 (1985). A bankruptcy court must give the same issue-preclusive effect to a state court judgment as the judgment would receive under that state's law. *Maresse*, 470 U.S. at 381. Accordingly, this Court will apply Ohio issue preclusion law to the Ohio court's default judgment against the debtor. *In re Fordu*, 201 F.3d at 703.

> Under Ohio law, the doctrine of issue preclusion
>
> applies when a fact or issue '(1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom [issue preclusion] is asserted was a party in privity with a party to the prior action.'

*Id*. at 704 (quoting *Thompson v. Wing*, 70 Ohio St. 3d 176, 183 (1994)); *accord In re Sweeney*, 276 B.R. 186, 192–95 (B.A.P. 6th Cir. 2002) (applying "actually and directly litigated" element of Ohio issue preclusion law); *In re Doll*, 585 B.R. 446, 456–58 (Bankr. N.D. Ohio 2018) (applying the "actually and directly litigated"

7

element of Ohio preclusion law to a state court default judgment in an exception to discharge action under § 523(a)(2)(A) and (a)(6)).

Here, the determinative question is whether the issue of fraud and its elements were actually and directly litigated in the prior action. In order to determine if the "actually litigated" element has been met, an interpreting court examines the language of the default judgment issued by the state court and determines if that court made an "express adjudication" which would allow the interpreting court—in this case a bankruptcy court—to ascertain its findings of fact and/or conclusions of law. *See Sweeney*, 276 B.R. at 193; *see also Zaperach v. Beaver*, 6 Ohio App.3d 17, 18–19 (Ohio Ct. App. 1982). "Express Adjudication" was first set forth in *Hinze v. Robinson* (*In re Robinson*), 242 B.R. 380 (Bankr. N.D. Ohio 1999) and later elaborated upon in *In re Sweeney*, which concluded that:

> Thus, the rule established in *Robinson* is that the state court must decide the merits of the case, and the court being asked to give preclusive effect to a default judgment in a subsequent litigation must have some reliable way of knowing that the decision was made on the merits. The best evidence would be findings of fact and conclusions of law by the court entering the default judgment. These need not be entered in any special or formal way, but the default court must state what findings and conclusions, if any, it has reached in arriving at the judgment. Those findings and conclusions will have preclusive effect.

*In re Doll*, 585 B.R. at 458–59 (quoting *In re Sweeney*, 276 B.R. at 193–94). In *In re Sweeney*, the state court held a hearing on the default judgment, during which

8

the plaintiffs presented three witnesses. *See In re* Sweeney, 276 B.R. at 188. The hearing transcript was 57 pages long, but the Bankruptcy Appellate Panel for the Sixth Circuit still refused to give issue-preclusive effect to the state court judgment, noting:

> When all is said and done, the court's *pro forma* recitation may have meant nothing more than that the court was satisfied from the evidence that the damages it was awarding were appropriate in amount, assuming that the Debtor was liable due to the default nature of the hearing.
> . . . .
> [W]e can never know whether the court awarded damages based on the evidence presented or merely on the defendant's default[.]

*Id*. at 194 (emphasis in original).

So it is in the present case. Based on the filings from the state court case, this Court cannot be certain that the relevant issues were "actually and directly litigated" and are thus entitled to issue-preclusive effect. Issues may be pleaded in a default judgment, but they are never actually and directly litigated so long as the court can base its judgment upon the debtor's default.

The creditor points to *Smith v. Lerner, Sampson, & Rothfuss, L.P.A.*, 658 F. App'x. 268 (6th Cir. 2016)—an unpublished opinion which cites both *Robinson* and *Sweeney*—to support her argument that a default judgment can be "actually litigated" for purposes of issue preclusion when an opposing party does not make an appearance. What the creditor fails to point out, however, is that the

9

court noted that the state court's findings in *Smith,* "expressly found that Bank of America's complaint was 'true' and that Smith owed the balance due on the note. The court further found that Bank of America's note was secured by the mortgage and that Bank of America was the proper mortgagee." *Smith*, 658 F. App'x. at 279. This differs from the current case where the state court merely stated express findings of damages for fraud and negligence. *See* Motion for Judgment on the Pleadings Exhibit C (Docket No. 7). Even so, *Smith* did nothing more than follow already established case law in *Sweeney* and *Robinson* to reach the conclusion that the prior court default judgment was entitled to issue-preclusive effect. Therefore, this Court will continue to follow *Sweeney* until either a published Sixth Circuit decision, or the Ohio Supreme Court says otherwise.

The Court finds instructive another unpublished Sixth Circuit decision—*In re Leonard*, 644 F. App'x 612 (6th Cir. 2016). In *Leonard*, the Sixth Circuit applied federal common law to determine the issue-preclusive effect of a judgment entered by a federal court in the Western District of North Carolina. The defendant Leonard initially appeared through counsel in the federal court case in North Carolina, but the federal court eventually imposed a default judgment against Leonard as a procedural sanction under Rule 16 of the Federal Rules of Civil Procedure. The Sixth Circuit distinguished this situation from ordinary default

10

judgments when a defendant fails to plead or otherwise defend. For ordinary default judgments, the Sixth Circuit noted, issue preclusion does not attach "because 'none of the issues is actually litigated.' " *In re Leonard*, 644 F. App'x at 617 (quoting from *Arizona v. California*, 530 U.S. 392, 414 (2000) (quoting Restatement (Second) of Judgments § 27 cmt. e)). The Sixth Circuit explained the reasoning for not giving issue-preclusive effect to ordinary default judgments and for making an exception when default judgments are entered as a result of court-imposed sanctions.

> When default is the result of a failure to plead or defend, giving the judgment collateral-estoppel effect might "discourage compromise, . . . decrease the likelihood that the issues . . . would be narrowed by stipulation, and thus . . . intensify litigation." Restatement (Second) of Judgments § 27 cmt. e. In those cases, "[t]he interests of conserving judicial resources, of maintaining consistency, and of avoiding oppression or harassment of the adverse party are less compelling." *Ibid.* Those interests *do* come into play when default is entered as a procedural sanction for lack of good-faith participation in the litigation process. . . . In litigation that is closely related to the underlying case, such as bankruptcy proceedings, giving preclusive effect to a Rule 16 default-judgment sanction advances those interests all the more.

*In re Leonard*, 644 F. App'x at 617 (citations omitted). *Accord Dardinger v. Dardinger (In re Dardinger)*, 566 B.R. 481, 496–97 (Bankr. S.D. Ohio 2017) (giving issue preclusive effect to penalty default judgment when the debtor was actively involved in the state court action, asserted counterclaims,

participated in discovery, and defended against the plaintiff's motion for summary judgment).

The Restatement (Second) of Judgments is also informative on rules of issue and claim preclusion. Section 27 of the Restatement (Second) of Judgments states:

> When an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, the determination is conclusive in a subsequent action between the parties, whether on the same or a different claim.

Restatement (Second) of Judgments § 27 (1982). Decisions by the Ohio Supreme Court have indicated support for the Restatement's various rules on issue and claim preclusion. *See State v. Williams*, 76 Ohio St. 3d 290, 295 (1996) (citing Restatement (Second) of Judgments § 28 (1980)); *Grava v. Parkman Township*, 73 Ohio St. 3d 379, 382 (1995) (adopting the Restatement (Second) of Judgments §§ 24–25 (1982)). Furthermore, comment e of § 27 states: "In the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated." Restatement (Second) of Judgments § 27 cmt. e (1982). The Ohio Supreme Court referred to comment e to help describe the "actually-litigated" requirement of collateral estoppel. *See State ex rel. Davis v. Pub. Emps. Retirement Bd.*, 120 Ohio St. 3d 386, 393 (2008) ("This actual-litigation requirement for the application of collateral estoppel is explained in 1 Restatement of the Law 2d, Judgments (1982) 256–257, Section 27, Comment e[.]"). Therefore,

12

this Court believes that the Ohio Supreme Court would support the Restatement's view that a default judgment generally does not have issue-preclusive effect.

In the current adversary proceeding, it is unclear whether the state court based its findings *solely* on the affidavit presented by the creditor or also relied on the debtor's default, under which all well-pleaded allegations are deemed admitted. *See Huntington Nat'l Bank v. R Kids Count Learning Ctr., LLC*, 2017-Ohio-7837, 97 N.E.3d 1228, ¶ 14 (10th Dist.) (when a defendant fails to contest the factual allegations raised in the complaint, default judgment is appropriate because the defendant has admitted to the facts that establish the plaintiff's claims).

While the state court did specify the amount of damages for negligence and fraud, it is unclear whether the state court relied on the default for underlying issues related to fraud. Much like *Sweeney*—where the court was satisfied with the damages it was awarding but did not make specific findings of fact or law which supported those damages—the state court in this case was also satisfied with its damages. The state court's only analysis of this issue appears to be in the form of a one-page default judgment apparently prepared by the creditor's attorney.

> [T]he Court having considered the Motions and the entire record herein, and having made Findings of Fact and Conclusions of Law consistent herewith, finds that the Motions are well-taken and supported by the record and the law[.]

13

Motion for Judgment on the Pleadings Exhibit C (Docket No. 7). The state court did not specify whether the elements for fraud were established, at least in part, by the defendants' default and by all the well-pleaded allegations being deemed admitted. Nor is there anything to indicate that the elements for fraud were established solely by the affidavit that the creditor submitted to prove damages. It is left to this Court to wonder whether the state court relied on default for parts of the underlying judgment. For example, the affidavit in support of damages seems to provide few details on the creditor's claim for fraud when compared to the state court complaint itself. *Compare* Amended Affidavit of Tracy K. Stratford in Support of Default Judgment Damages at ¶¶ 18–21 (Brief (Reply) in Support of Motion for Judgment on the Pleadings Exhibit A, Docket No. 11), *with* state court complaint at ¶¶ 21–28, 43–47, 65–68 (Motion for Judgment on the Pleadings Exhibit A, Docket No. 7). This is not consistent with the "actually and directly litigated" standard used in *Sweeney* and is precisely what *Sweeney* sought to avoid when it said that "[t]he court's *pro forma* recitation may have meant nothing more than that the court was satisfied from the evidence that the damages it was awarding were appropriate in amount." *Sweeney*, 276 B.R. at 194. As Professor Cooper wrote in *Federal Practice and Procedure*:

> On balance, denial of issue preclusion also seems appropriate in cases that involve a one-sided hearing after default for failure to answer. Such hearings

may be held in the court's discretion to inquire into matters of liability, and may be required to establish the nature of the relief to be given. Although such hearings may involve both presentation of proof and decision of the issues presented, the procedure is apt to be too remote from full adversary contest to support issue preclusion. If a contested hearing is held, on the other hand, issue preclusion may prove appropriate. Preclusion is thus fully appropriate as to any issues resolved after a full-scale contest on issues of damages. So too, preclusion may be appropriate if hearings on issues of liability have come reasonably close to a full-scale trial.

§ 4442 "On the Merits"—Default, 18A Fed. Prac. & Proc. Juris. § 4442 (3d ed.).

In short, the record before this Court confirms that there is no basis to deviate from the general rule that default judgments, like consent judgments, ordinarily support claim preclusion, but not issue preclusion. § 4442 "On the Merits"—Default, 18A Fed. Prac. & Proc. Juris. § 4442 (3d ed.); *see also Arizona v. California*, 530 U.S. at 414 (following § 4443 "On the Merits"—Admissions, Stipulations, and Consent Judgments, 18A Fed. Prac. & Proc. Juris. § 4443 (3d ed.) and Restatement (Second) of Judgments § 27 cmt. e and concluding that consent judgments ordinarily support claim preclusion but not issue preclusion). And while the default judgment may have fixed the amount of the creditor's claim against the debtor, the elements needed to establish nondischargeability of that debt under § 523(a)(2)(A) remain in dispute. The Court understands that the creditor, having obtained a judgment, may be frustrated by having to pursue the debtor in another forum. Nevertheless, nothing in this Court's

15

decision prevents the creditor from seeking to establish the elements of nondischargeability in this adversary proceeding at trial.

## CONCLUSION

For the reasons stated above, the Court denies the creditor's motion for judgment on the pleadings. The August 18, 2021, trial and trial-related deadlines remain in effect.

IT IS SO ORDERED.